UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>KEVIN CLARDY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:23-mj-00131<br><br>**MOTION FOR DISCOVERY** |

The Defendant, KEVIN CLARDY, by and through his undersigned attorney, Elizabeth Franklin-Best, respectfully moves for discovery of statements, documents, records, and other information pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. In keeping with the constitutional principles outlined in these authorities, the Defendant requests the Court direct the Government to make available for inspection and copying the following information:

(1)  All statements of Defendant, whether made to the Government or to some other person, in the possession of the Government.

(2)  Any notes, writings, memos, documents, reports, or summaries prepared by any Government employee containing any reference to or mention of any statement by the Defendant.

(3)  All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of the defense by Defendant, or which are intended for use by the Government as evidence at trial, or which were obtained from or belong to Defendant.

1

(4)     All scientific, physical, or mental tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence could become known to the attorney for the Government, and which are material to the preparation of the defense by Defendant in this case or which are intended for use by the Government as evidence in chief at the trial. For any such tests, pertinent chain of custody documents are also requested.

(5)     All statements, reports, or other documents, as well as any supporting material related to any person who may be called as an expert or a summary witness at trial. For every expert witness the Government intends to offer, the Defendant requests a summary of the witness's opinions, the bases and reasons for those opinions, and the qualifications of the witness to offer such opinions.

(6)     All handwriting comparison tests of Defendant.

(7)     All fingerprint comparison tests of Defendant.

(8)     All gunshot residue tests performed on Defendant.

(9)     All grand jury exhibits the Government intends to introduce at trial or otherwise rely upon at trial.

(10)    All criminal records of any person whom the Government may call as a witness in this case.

(11)    The trial witness list of the Government and all statements of all witnesses.

(12) All documents, exhibits, graphs, displays, charts, and photographs which the Government may or presently intends to offer at trial, including all documents obtained or maintained in digital format.

(13) Pursuant to *Brady v. Maryland*, and its progeny, all material known to the Government or which through the exercise of due diligence could be learned from prospective witnesses or any other persons which may be useful or exculpatory in nature or which otherwise reflects on the Defendant's conduct in any way to mitigate any of the allegations of the Indictment. This request includes but is not limited to

(a) Evidence the Defendant may have lacked knowledge of any or all acts alleged in the instant Indictment;

(b) Evidence tending to reflect adversely on the credibility of any Government witness;

(c) The identity of any person who has been interviewed by the Government and who will *not* be called as a witness at the trial of this matter; and

(d) Evidence concerning acts by the Defendant which are inconsistent with the allegations of the Indictment.

(14) All agreements entered into between the Government and each witness, whether pecuniary in nature or not. Specifically, the Defendant requests any document establishing the parameters of any such agreement, or where no documentary record exists or such record that does exist is incomplete, a summary of the timing and substance of the agreement or proposed agreement.

(15) All records of any electronic surveillance which relates in any way whatsoever to the Defendant, the cause of action, or the general subject matter of this case, including any and all audio recorded conversations or transcripts thereof or other electronically obtained information of any kind made in connection with this case, as well as a true and correct copy of such recordings and transcripts, including accurate reproductions thereof. This request includes but is not limited to records of Defendant's electronic communications (email, IRC, text message, or other) intercepted or obtained in connection with this case.

(16) If conversations of the Defendant were subject to surveillance but were not electronically recorded, any handwritten notes or memoranda stating the date of the conversation and the nature of the conversation.

(17) The transcript of any testimony before the Grand Jury in this case, including testimony offered in support of original indictments in which this Defendant may not have been named.

(18) All statements of witnesses not otherwise subject to immediate disclosure but governed by 18 U.S.C. 3500 (the Jencks Act), *at least seventy-two (72) hours prior to trial.*

(19) All court orders and requests for court orders involving monitoring of any communications to or from the defendant while in custody, and the substance of all monitored communications, whether obtained with or without court order or notice.

As used herein, the term "statement" refers to the singular or plural and to any statement, comment, conversation, expression, acknowledgement, or admission, whether written, recorded, or otherwise. As used herein the term "Government" includes the United States Attorney's Office of the Department of Justice; the Federal Bureau of Investigation; the Drug Enforcement Agency; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the Internal Revenue Service; the Department of Homeland Security; the Secret Service; the Postal Service; and any other federal, state, or local entity having any role or performing any service in connection with this case or with the investigation leading up to this case.

Should any of the foregoing items be discovered subsequent to the Government's initial compliance with this request, the Government is requested to immediately and in writing notify counsel for the Defendant of such subsequent discovered item or material and forthwith produce the same.

Respectfully submitted,

/s/ Elizabeth A. Franklin-Best
Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive
Columbia, South Carolina 29204
(803) 445-1333
elizabeth@franklinbestlaw.com

July 10, 2023
Columbia, South Carolina