UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>KEVIN CLARY, )<br>        Defendant. )<br>_____ ) | C/A: 23-cr-294 |

To: **The Honorable Royce C. Lamberth**, *United States District Judge*

## SENTENCING MEMORANDUM

Kevin Clary is a hard-working man living a productive life while raising his children with his ex-wife. His son, still a minor, lives with him and attends high school. On January 6, 2021, Kevin Clardy made the very poor decision to enter into the Capitol Building where he, and others, while pushing on a door, damaged that government property. From the very beginning, though, Kevin Clardy has expressed his remorse for his role in the events of that day. He readily met with law enforcement at their request and answered all their questions. Without a lawyer, he confessed to his role in these events. He quickly pleaded guilty to his offense and he is now prepared to accept this Court's punishment. Counsel, on behalf of Mr. Clardy, respectfully asks this Court to impose a non-custodial sentence in this case. As ¶ 71 of the PSR makes clear, once this Court considers the adjustment under USSG §4C1.1 (Adjustment for Certain Zero-Point Offenders), a sentence other than a sentence of imprisonment is generally appropriate. In Kevin Clardy's case, it most certainly is appropriate for the reasons detailed below.

**Sentencing Factors**

Mr. Clardy submits that when this Court carefully considers all the sentencing factors laid out in 18 U.S.C. §3553(a), including the advisory sentencing guidelines as calculated by the PSR, these factors weigh in favor of a non-custodial sentence.

a.  **Nature and Circumstances of the Offense**

There is no question but that the attack on the Capitol on January 6, 2021 was a terrifying and dangerous event. In arguing for a non-custodial sentence, neither counsel nor Mr. Clardy seek to minimize the extraordinary events of that day or Mr. Clardy's role in it.  He knowingly entered the Capitol when he knew he should not have done so, and he engaged in destructive conduct while there.  But this factor is but one and, on the balance, there are compelling reasons to impose a non-custodial sentence.

b.  **History and Characteristics of the Defendant**

Kevin Clardy is a hard-working truck driver who provides for his high school aged son.  He is the sole breadwinner for his home and he is responsible for, among other things, paying his son's car insurance which is expensive.  As the government alluded to in its sentencing memorandum, Mr. Clardy does have criminal charges from earlier in his life.  He went through a very difficult divorce and began abusing drugs.  But he pulled his life together.  He voluntarily entered himself into a drug rehabilitation program, successfully completed it, and has been completely clean ever since.  He works full time (and has, since 2014), has a positive relationship with his children's mother with whom he co-parents, and lives a simple but productive life. As the letter from Michael Laico, VP of Operations for Grove Medical, Inc. attests, and is submitted along with this

memorandum, Kevin is a hard-working, reliable asset for his employer. An honest man, Kevin Clardy readily admitted his role in the events of January 6, 2021 and has never tried to evade responsibility. He quickly pleaded guilty and is prepared to be punished for his actions. He also has not contested the restitution amount that he owes for his role in damaging government property, and he is prepared to satisfy this obligation immediately. Kevin Clardy's honesty throughout these proceedings has allowed law enforcement to focus its efforts on other crimes.

c. **Need for the Sentence Imposed**

   a. *Reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.*

   b. *Afford adequate deterrence to criminal conduct and protect the public from future crimes.*

   c. *Provide the defendant with training, care, or treatment in the most effective manner.*

A non-custodial sentence will still achieve these important goals of the federal sentencing guidelines. Mr. Clardy has never minimized the seriousness of his offense and he has taken full responsibility for his actions. It does not erode any of these important goals when a defendant such as Kevin Clardy is allowed to remain free after pleading guilty so he can care for his minor child, especially in light of his fulsome and prompt confession which allowed law enforcement to focus their efforts on more difficult cases.

d. **Kinds of sentences available**

In addition to incarceration, this Court has a wide variety of sentencing tools available to address the retributive and rehabilitative goals of sentencing under §3553(a), including home confinement, community service, and supervision. Each of these tools should be considered by the Court in fashioning an appropriate sentence for Mr. Clardy's crime. A non-custodial sentence will

allow Kevin Clardy to continue earning money so he can support the son who lives with him while continuing to pay his bills and taxes.

e.  **Need to avoid unwarranted sentencing disparities**

It will not create any unwarranted sentencing disparities to give Kevin Clary a non-custodial sentence especially since he is the primary caretaker of his son. Counsel respectfully asks that this Court consider—if it is inclined to impose a custodial sentence—that this Court instead impose a sentence of home confinement, or a greater sentence of community service so Kevin's son can continue to reside at his home and attend school with minimal interruption. Candidly, throughout this process, Kevin Clardy has been prepared to serve whatever custodial sentence this Court believes is warranted but concerns over the disruption to his child's life is why we are requesting something other than incarceration in this case.  Kevin only lives with his son, so if he is incarcerated, his son is going to have to live elsewhere while his father serves his sentence.  Given Kevin's prompt willingness to accept responsibility for his actions, his candor throughout these proceedings, and his long history of productive work, a non-custodial sentence in this case will not create unwarranted sentencing disparities and is otherwise appropriate.

## CONCLUSION

Kevin Clardy made the poor choice to enter the Capitol Building on January 6, 2021.  Not a particularly political guy, he got caught up in the moment.  But he knows what he did was wrong and he does not minimize what occurred on that day nor his role in it.  To do all over again, he would not have travelled to Washington DC to attend the rallies.  He would not have entered the Capitol Building.  He is fully prepared to accept punishment for his offense and he has been forthcoming and candid at every opportunity.  Because Kevin is the sole breadwinner for his family

and his son relies on him while he finishes up high school (and to pay his extortionate car insurance premiums), we respectfully ask this Court to impose a non-custodial sentence.

                                                                Respectfully submitted,

/s/ Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, SC 29204
(803) 445-1333
elizabeth@franklinbestlaw.com

December 14, 2023                                                     *Counsel for Kevin Clardy*